[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDERS RE: MOTION FOR VISITATION #108
The plaintiff mother brought this action for visitation, pendente lite, so that the minor child of the parties, Jessica, born February 16, 1990, could accompany her maternal grandfather, his wife, and their adopted daughter Fawn, on a vacation trip to Paradise Island in the Bahamas.
The defendant father objected because it would interfere with his customary visitation. The defendant father also claimed that the grandfather made denigrating comments about him, as reported by the child, and that there had been times when the child was in his care, that she had been left unsupervised.
The plaintiff mother explained, in argument, that she and the child have been residing in the grandfather's home since September of 1994, and that Jessica shares a bedroom with Fawn. She is part of the family that plans to travel.
Both parents claimed that Jessica had expressed an opinion as to whether or not she wanted to go on this trip. Predictibly, each claimed the opposite. The court opined during argument that the child was saying what each parent wanted to hear, and that the whole matter was probably quite stressful to her.
The court was then told that Jessica has been in a therapeutic relationship with Dr. Weinick. The court instructed the Family Services Unit to communicate with the therapist to determine if any concerns had been expressed by the child.
The court was not surprised to hear that the child CT Page 1589 has been ambivalent in conversation concerning the proposed vacation. Clearly, she desires to hurt no one. It is reported to the court that she responds to the needs of whichever parent she is talking to at the time, and that at the last interview with Dr. Weinick, she "shut down", and refused to be involved with the issue. She "has had its with her parents' conflict, and feels torn apart by her family members.
All of this was pointed out to the mother, paternal grandfather, father, and paternal grandmother in court on the record before the information was made known to the court. This child needs a vacation — a vacation from the strife of her family conflict, and the strife and stress of being in the middle of two families she loves.
Today is Jessica's fifth birthday. She must have permission to go on a delightful vacation that neither parent can afford to give her. She must be told by her father that he is happy she is able to have fun in the sun with her friend Fawn. He must be able to tell her that he will see her before she leaves, and when she returns on the schedule that was proposed in court.
For her birthday, her mother and grandfather must never again engage in negative words about her father or his family. Grandfather has a hugh responsibility to keep her safe in their travels together, and to reassure her that both her families love her. She is to be allowed to place a telephone call to her father to speak to him half-way through their trip. Father must receive the telephone call, and not say how much he misses her. Instead, he must tell her how happy he is that she has had this opportunity to travel and see another part of the world and its people.
Grandfather or step-grandmother must be in the physical presence of the child at all times during this trip. They are to inform father of the address and telephone number of the hotel where they will be staying, the itinerary for flight information, and all ground travel arrangements to and from the airport.
The parties are ordered to cooperate to schedule CT Page 1590 visitation before and after the trip, so that father may share some time with the child. The motion for visitation is granted. The court wishes that Jessica's birthday present could be peace for her in this struggle between her parents, but only they can give that precious gift to her. The court only hopes they will.
DRANGINIS, J.